UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW,

                                       Plaintiff,

                                                                     DECISION AND ORDER

                                                                     09-CV-6059L

                        v.

DR. ALI SYED,
DR. MIKHAIL GUSMAN,
DR. LEVITT,

                                       Defendants.
_____

       Plaintiff, William Crenshaw, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that the defendants, who at all relevant times were physicians employed by DOCS, have violated his rights under the Eighth Amendment to the United States Constitution, by failing to provide plaintiff with adequate medical care.

       One of the three defendants, Dr. Levitt, has moved for summary judgment.[1] The other two defendants, Dr. Syed and Dr. Gusman, have moved for an order transferring this action to the

---

[1] Dr. Levitt's summary judgment motion was filed in lieu of an answer to the complaint. Such a procedure is permissible. *See*, *e.g.*, *Anderson v. Rochester-Genesee Regional Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003).

Northern District of New York. For the reasons that follow, both motions are granted. Plaintiff has also filed several motions, all of which are denied.

## DISCUSSION

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Although plaintiff has filed various documents since defendants filed their summary judgment motion, *see* Dkt. #25, #28, #31, #33, #34, #35, he has not submitted an actual response to the motion; none of his submissions address the substance or merits of defendants' motion.

> Rule 56(e) of the Federal Rules of Civil Procedure provides that
>
> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #17) and the Court's scheduling order (Dkt. #21) both gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. There is no question that plaintiff has been

adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to defendants' arguments and factual allegations. Since plaintiff has not done so, the Court may accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment. *See Pettus v. McGinnis*, 533 F.Supp.2d 337, 338-39 (W.D.N.Y. 2008).

**II. Dr. Levitt's Motion**

Defendant Levitt moves for summary judgment based on plaintiff's failure to exhaust his administrative remedies with respect to his claims against Levitt, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

To satisfy that requirement, prisoners in New York must ordinarily follow a three-step DOCS grievance process. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983. *Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by*

*Porter v. Nussle*, 534 U.S. 516 (2002); *Campos v. Correction Officer Smith*, 418 F.Supp.2d 277, 278 (W.D.N.Y. 2006).

In support of his motion, Levitt has filed a declaration by Donna Northrup, who currently is the Inmate Grievance Program Supervisor at Wende Correctional Facility, where the events giving rise to plaintiff's claims against Dr. Levitt occurred. Northrup states that her review of the pertinent records indicates that plaintiff did not file any grievances, or appeals to CORC, during his confinement at Wende, which lasted from April 2006 to September 2007. Dkt. #18. Defendants' Statement of Undisputed Facts likewise states that there are no records of any such grievances or appeals by plaintiff. Dkt. #19 ¶ 9.

Again, since plaintiff has not responded to defendants' assertions of fact in support of Levitt's summary judgment motion, the Court may accept those assertions as true. I also see nothing in the complaint itself that might excuse plaintiff's failure to exhaust. Plaintiff's claims against Dr. Levitt are therefore dismissed. *See Wesolowski v. Sullivan*, 524 F.Supp.2d 251, 253-54 (W.D.N.Y. 2007).

**III. Motion to Transfer**

In support of their motion to transfer, Dr. Syed and Dr. Gusman state that they are employed, and at all relevant times were employed, at Clinton Correctional Facility and Eastern Correctional Facility, respectively. Both of those facilities are located in the Northern District of New York.

Section 1391(b) of Title 28 provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any

>  defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

"For the purposes of venue, state officers 'reside' in the district where they perform their official duties." *Holmes v. Grant*, No. 03 Civ. 3426, 2006 WL 851753, at *21 (S.D.N.Y. Mar. 31, 2006); *accord Vincent v. Yelich*, No. 08-CV-6074, 2009 WL 112956, at *1 (W.D.N.Y. Jan. 15, 2009).

Plaintiff has not disputed that Syed and Gusman work at the Clinton and Eastern facilities, or that the relevant events occurred at those facilities. A document attached to the complaint also indicates that in 2004, plaintiff was referred by Dr. Syed to an outside medical imaging facility, and that plaintiff was housed at Clinton Correctional Facility at that time. *See* Dkt. #1 at 22. It is clear, then, that venue in this district is improper with respect to plaintiff's claims against defendants Syed and Gusman.

"If a case is improperly venued, the district court may either dismiss the case or, in the interest of justice, transfer it to a district in which venue is proper." *Holmes*, 2006 WL 851753, at *21 (citing 28 U.S.C. § 1406(a)). Here, I find that transfer to the Northern District would best serve the interests of justice. *See id.* (stating that even if venue were proper in the Southern District, "it would be in the interests of justice to transfer this case" to the Northern District, since "plaintiff could have brought his claims in the Northern District, the majority of the events arose there, and the majority of defendants reside there").

**IV. Plaintiff's Motions**

Plaintiff has also filed several motions. His motions for appointment of counsel (Dkt. #25 and #28) are denied without prejudice. This case is in its early stages, and at this point, appointment of counsel is not warranted. *See George v. Napoli*, No. 06-CV-0775, 2009 WL 1013566, at *2 (W.D.N.Y. Apr. 15, 2009). Plaintiff's motion to appoint a medical expert (Dkt. #34) is also denied. *See Muhammad v. Wright*, No. 08-CV-473, 2009 WL 3246731, at *1 (W.D.N.Y. Oct. 6, 2009).

Plaintiff's motion for leave to file a supplemental complaint (Dkt. #33) is also denied. The proposed supplemental complaint would add several defendants, and allegations concerning events that allegedly occurred in 2008 and 2009 at Auburn Correctional Facility. Although those events may relate to the same medical conditions as plaintiff's claims against Dr. Syed and Dr. Levitt, the relevant actors and events appear to have virtually no connection to the events underlying his claims against Syed and Levitt. *See Walls v. Fischer*, 615 F.Supp.2d 75, 76 (W.D.N.Y. 2009).

**CONCLUSION**

Defendants' motion for summary judgment as to defendant Levitt, and to change venue as to defendants Syed and Gusman (Dkt. #17) is granted. Plaintiff's claims against defendant Levitt are dismissed. Plaintiff's remaining claims against defendants Syed and Gusman are transferred to the United States District Court for the Northern District of New York.

Plaintiff's motions for appointment of counsel (Dkt. #25 and #28) and to appoint an expert (Dkt. #34) are denied.

Plaintiff's motion for leave to file a supplemental complaint (Dkt. #33) is denied, without prejudice to plaintiff's filing a new complaint in this district asserting those claims.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      February 16, 2010.

n