UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW,

                              Plaintiff,
                                                        9:10-CV-0244
v.                                                      (GLS/GHL)

DR. ALI SYED and MIKHAIL GUSMAN,

                              Defendants.
_____

APPEARANCES:                               OF COUNSEL:

WILLIAM CRENSHAW, 98-B-0745
Plaintiff *pro se*
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN                   RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff William

Crenshaw alleges that Defendants violated his rights under the Eighth Amendment by providing

him with inadequate medical care.  (Dkt. No. 9.)  Currently pending before the Court is

Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c).  (Dkt. No. 43.)  For the reasons that follow, I recommend that Defendants' motion be
granted without leave to amend.

## I.      FACTUAL AND PROCEDURAL SUMMARY

Plaintiff filed the original complaint in this action on February 11, 2009, in the Western
District of New York (the "Western District").  (Dkt. No. 1.)  The original complaint alleged that
various employees of the New York Department of Correctional Services ("DOCS")  were
deliberately indifferent to injuries that Plaintiff suffered as a result of an attack by another inmate
in 1998.  *Id*. at 18 ¶ 62.[1]  As is relevant here, the original complaint alleged that Defendant Ali
Syed, a doctor at Clinton Correctional Facility, informed Plaintiff on November 10, 2004, that he
was "suffering from a build-up of calcification inside his cranium, but failed to advise [P]laintiff
of what type of corrective measures would be taken to alleviate" the calcification.  *Id*. at 14 ¶ 18.

On April 2, 2009, the Western District directed Plaintiff to file an amended complaint.
(Dkt. No. 3.)  The court found that the original complaint was subject to dismissal for two
reasons: (1) all of the allegations in the complaint involved incidents that occurred more than
three years before the complaint was filed and Plaintiff did not allege any facts supporting tolling
the statute of limitations; and (2) the complaint sought to hold most of the defendants liable
under a *respondeat superior* theory, which is not permitted in § 1983 lawsuits.  *Id*. at 3-4.

Plaintiff filed a first amended complaint.  (Dkt. No. 7.)  On August 3, 2009, the Western
District found that "Plaintiff has once again failed to show personal involvement on the part of
the defendants named in the amended complaint, other than Dr. Ali Syed, and address the statute

---

[1]      Citations to page numbers in Plaintiff's documents refer to the page numbers
assigned by the Court's electronic filing system.

of limitations issue." (Dkt. No. 8 at 2-3.)  The court dismissed Plaintiff's claims against all of the defendants other than Defendant Syed with prejudice.  *Id*. at 9.  Noting that the continuing violation doctrine might apply, the court granted Plaintiff leave to amend as to Defendant Syed and advised Plaintiff to name any defendants who had treated Plaintiff within the statute of limitations period.  *Id*. at 7.

In response to the court's order, Plaintiff filed the operative complaint.  (Dkt. No. 9.)  The operative complaint names Dr. Syed, Dr. Levitt of Wende Correctional Facility, and Dr. Mikhail Gusman of Eastern Correctional Facility as defendants.  *Id*. at 2.  The complaint alleges that on December 26, 2001, Defendant Gusman ordered a CT scan of Plaintiff's head.  *Id*. at 6.  It revealed extensive calcification to Plaintiff's skull.  *Id*.  Plaintiff, who was suffering from migraines two or three times a week, repeatedly asked that the calcification be removed, but Defendant Gusman ignored Plaintiff's requests, continued to treat Plaintiff with "generic medication" that did not stop the headaches, and did not refer Plaintiff to a specialist.  *Id*.  On November 10, 2004, Defendant Syed referred Plaintiff for an MRI.  *Id*.  The MRI showed calcification.  *Id*.  Plaintiff asked Defendant Syed to remove the calcification, but Defendant Syed "continued to prescribe[] . . . medication which did nothing to stop the headaches."  *Id*.  Plaintiff "had to take extra dosages of this medication for the medication to work."  *Id*.  On or about April 25, 2006, Plaintiff was transferred to Wende Correctional Facility.  *Id*. at 7.  Plaintiff complained repeatedly of migraine headaches and was scheduled to see Defendant Levitt.  *Id*.  Plaintiff alleges that Defendant Levitt "had a chance to review" Plaintiff's medical file, including the CT scan and MRI reports, but ignored Plaintiff's request to see a specialist and continued to prescribe medication that did not stop the headaches.  *Id*.

3

The Western District found the operative complaint sufficiently well-pleaded to survive initial review and ordered service on Defendants Syed, Levitt, and Gusman.  (Dkt. No. 10.)  The court found that:

> Plaintiff's allegations regarding the denial of medical care by . . . Dr. Ali Syed and Mikhail Gusman MD date back more than three years prior to the filing of the Complaint.  Plaintiff, however, alleges that . . . Dr. Levitt [] was personally involved in the denial of medical care during the three year statute of limitations period.  Plaintiff has, therefore, alleged a continuing pattern of medical deliberate indifference, which includes some acts occurring during the three year statute of limitations.

*Id*. at 3-4.

Defendants Syed and Gusman answered the complaint.  (Dkt. Nos. 12, 15, 16.)  Thereafter, Defendant Levitt filed a motion for summary judgment in lieu of answer and Defendants Syed and Gusman moved to transfer the case to this District.  (Dkt. Nos. 17-21.)

On February 16, 2010, the Western District granted Defendant Levitt's motion for summary judgment in lieu of answer, finding that Plaintiff had failed to exhaust his administrative remedies regarding his claim against Defendant Levitt.  (Dkt. No. 37 at 3-4.)  The court also granted the motion by Defendants Syed and Gusman to transfer the case to this District.  *Id*. at 4-5.[2]  Thus, the only claims remaining in this action are Plaintiff's claims against Defendants Syed and Gusman.

Defendants Syed and Gusman now move for judgment on the pleadings, arguing that (1) Plaintiff's claims against them are barred by the statute of limitations and not saved by the

---

[2]      Plaintiff moved in this Court for reconsideration of the Western District's decision.  (Dkt. No. 49.)  This Court denied Plaintiff's motion on September 8, 2010.  (Dkt. No. 53.)

continuing violation doctrine; (2) the complaint fails to state a cause of action; and (3) they are

entitled to qualified immunity.  (Dkt. No. 43-1.)  Plaintiff has opposed the motion.  (Dkt. No.

50.)

## II.     LEGAL STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the

same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v.*

*Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  In order to state a claim upon which relief

can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a

plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft*

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief .

. . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief."  *Id.* at

1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct.

at 1949.

## III.   ANALYSIS

Plaintiff alleges that Defendant Gusman violated his constitutional rights in December

2001 and that Defendant Syed violated his constitutional rights in November 2004.  (Dkt. No. 9

at 6.)  Defendants argue that Plaintiff's claims are barred by the statute of limitations.  (Dkt. No.

43-1 at 5-6.)  Defendants are correct.

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations.

*Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985).  In New York, such claims are governed by the

general three-year limitations period governing personal injury claims.  *Owens v. Okure*, 488

U.S. 235, 251 (1989).  Under federal law, generally, a claim arising under 42 U.S.C. § 1983

"accrues" when the plaintiff "knows or has reason to know of the injury which is the basis of his

action." *Pearl v. City of Long Island Beach*, 296 F.3d 76, 80 (2d Cir. 2002).  "The continuing

violation doctrine is an exception to the normal knew-or-should-have-known accrual date.  When

the plaintiff brings a Section 1983 claim challenging a discriminatory policy, commencement of

the statute of limitations period may be delayed until the last discriminatory act in furtherance of

it." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (citations and punctuation

omitted).  The Second Circuit has held that "the continuing violation doctrine can apply to Eighth

Amendment claims of medical indifference brought under 42 U.S.C. § 1983 when the plaintiff

shows an ongoing policy of deliberate indifference to his or her serious medical needs and some

acts in furtherance of the policy within the relevant statute of limitations period." *Id*. at 179.

Plaintiff's opposition to the motion for judgment on the pleadings quotes extensively from *Shomo*. (Dkt. No. 50 at 1-2.) Plaintiff's reliance on *Shomo* is understandable. If the language from *Shomo* quoted above were taken simply at face value, Plaintiff would have successfully pleaded that the continuing violation doctrine saves his claims because he alleges an ongoing DOCS policy of deliberate indifference to the calcification on his skull and acts by Defendant Levitt within the statute of limitations period. However, a closer reading of *Shomo* illustrates the problem with Plaintiff's reliance on that case.

In *Shomo*, the plaintiff, who suffered right arm paralysis and limited use of his left arm, alleged that DOCS medical personnel and security staff repeatedly refused to follow orders to assist him with his activities of daily living, transfer him to special housing, or administer specific treatment. *Shomo*, 579 F.3d at 179-80. Defendants moved to dismiss the complaint on statute of limitations grounds because the conduct of which the plaintiff complained had occurred more than three years before the filing of the complaint. *Id*. at 180. The district court granted the motion, granting leave to amend as to some defendants and denying leave to amend as to others. *Id*. at 182. Among the defendants dismissed with prejudice were Dr. Singh and Physician Assistant Wright. *Id*. at 183. The Second Circuit affirmed the district court's decision to dismiss Dr. Singh and Physician Assistant Wright with prejudice, finding that "[t]here is no allegation that . . . [the plaintiff] had further contact with Dr. Singh" within the statute of limitations period and that "[a]bsent any allegations of wrongful acts that could relate to conduct within the statutory time period, Shomo's claim against Physician Assistant Wright was also properly dismissed without leave to amend." *Id*. at 184.

7

The Second Circuit's treatment of the claims against Dr. Singh and Physician Assistant Wright show that it is not enough to simply allege that *someone* committed a wrongful act within the statute of limitations period.  Rather, a plaintiff hoping to invoke the continuing violation doctrine must allege that *the defendant* committed a wrongful act within the statute of limitations period.  As another district court has cogently observed, "[t]he Second Circuit's decision to affirm the dismissal of the claims against Dr. Singh and the physician assistant made clear that in order for the continuing violation doctrine to apply, plaintiff needed to show that *those specific individuals* committed at least one wrongful act within the statutory time period."  *Gonzalez v. Wright*, 665 F. Supp. 2d 334, 350 (S.D.N.Y. 2009) (emphasis added).

Here, although Plaintiff has alleged that Defendant Levitt committed wrongful acts within the statutory time period, he has not alleged that either Defendant Gusman or Defendant Syed did.  Therefore, I recommend that the Court dismiss the claims against Defendants Gusman and Syed as barred by the statute of limitations.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint.  *See Advanced Marine Tech. v. Burnham Sec.,Inc.*,16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).  In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).  Here, Plaintiff has

twice been given the opportunity to amend his complaint to allege timely claims against

Defendant Syed.  Moreover, the face of the complaint shows that Plaintiff cannot further amend

to add timely claims against Defendant Gusman because he was transferred away from Eastern

Correctional Facility, where Defendant Gusman treated him, sometime before November 10,

2004.  Therefore, I recommend that the complaint be dismissed without leave to amend.

Because I find that Plaintiff's only remaining claims are barred by the statute of

limitations, I decline to address Defendants' arguments that the complaint fails to state a claim or

that Defendants are entitled to qualified immunity.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for judgment on the pleadings (Dkt. No. 43)

be **GRANTED** without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated:  March 8, 2011
        Syracuse, New York



George H. Lowe
United States Magistrate Judge