**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM CRENSHAW,**

                 **Plaintiff,**               9:10-cv-0244
                                                                 (GLS/GHL)

               **v.**

**DR. ALI SYED** and **MIKHAIL GUSMAN,**

                 **Defendants.**
_____
**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
William Crenshaw
Pro Se
98-B-0745
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN   RICHARD LOMBARDO
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff William Crenshaw, an inmate at Franklin Correctional

Facility, brings this action under 42 U.S.C. § 1983, alleging violations of his Eight Amendment rights by Drs. Ali Syed and Mikhail Gusman. (*See* Am. Compl., Dkt. No. 9.) The alleged violations arise from Syed and Gusman providing Crenshaw with inadequate medical care. (*See id.*) On March 4, 2010, Syed and Gusman moved to dismiss Crenshaw's complaint pursuant to FED. R. CIV. P. 12(c). (Dkt. No. 43.) In a Report-Recommendation (R&R) filed March 8, 2011, Magistrate Judge George H. Lowe recommended that defendants' motion be granted.[1] (Dkt. No. 56.) Pending are Crenshaw's objections to the R&R. (Dkt. No. 57.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### III. Discussion[2]

#### A. Statute of Limitations

In the R&R, Judge Lowe concluded that Crenshaw's claim was barred by the applicable statute of limitations. (*See* R&R at 6, Dkt. No. 56.) Section 1983 actions are governed by the "general or residual state statute of limitations for personal injury actions." *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (internal quotation marks and citation omitted). As a result, New York's three-year statute of limitations for a personal injury, N.Y.C.P.L.R. § 214(5), applies to § 1983 actions in New York. *See Ormiston*, 117 F.3d at 71.

In some circumstances, the statute of limitations in § 1983 claims may be tolled by the continuing violation doctrine. *See Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009). "The continuing violation doctrine is an exception to the normal knew-or-should-have-known accrual

---

[2] For a full recitation of the facts, the parties are referred to the R&R. (*See* R&R at 2-5, Dkt. No. 56.)

3

date. When the plaintiff brings a § 1983 claim challenging a discriminatory policy, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Shomo*, 579 F.3d at 181 (internal quotation marks and citations omitted). The continuing violation doctrine applies to Eighth Amendment claims of medical indifference if the plaintiff shows "the existence of an ongoing policy of deliberate indifference to his or her serious medical needs and some . . . acts taken in the furtherance of that policy" within the relevant statute of limitations period. *Shomo*, 579 F.3d at 182 (internal quotation marks and citations omitted).

Crenshaw specifically objects to the R&R's findings regarding: qualified immunity, his claim on the merits, and the statute of limitations. (*See* Objections at 9-10.) The first two objections are wholly unrelated to Judge Lowe's findings in the R&R. Judge Lowe concluded that the complaint was barred by the statute of limitations. (*See* R&R at 6, Dkt. No. 56.) The R&R, therefore, does not address either the issue of defendants' qualified immunity, or Crenshaw's claim on the merits. Accordingly, Crenshaw's objections to defendants' qualified immunity, and his claim on the merits are irrelevant. Crenshaw's third objection, regarding the statute

4

of limitations, specifically objects to Judge Lowe's reason for recommending dismissal. Thus, the R&R will be reviewed de novo.

Upon de novo review of the R&R, the court rejects Crenshaw's objections. Instead, the court concurs with Judge Lowe's determination that "although [Crenshaw] has alleged that Defendant Levitt committed wrongful acts within the statutory time period, he has not alleged that either Defendant Gusman or Defendant Syed did." (R&R at 8, Dkt. No. 56.) Crenshaw alleges his constitutional rights were violated by Gusman in December 2001, and by Syed in November 2004. (Am. Compl. at 6, Dkt. No. 9.) These dates are beyond the three year statute of limitations.

However, Crenshaw asserts that the statute of limitations should be tolled by the continuing violation doctrine. (Resp. Mem. of Law at 1-2, Dkt. No. 50.) In making this assertion, Crenshaw relies heavily on *Shomo*. As Judge Lowe noted, however, that reliance is problematic. (*See* R&R at 7, Dkt. No. 56.) The Court in *Shomo* held that in order to invoke the continuing violation doctrine, a plaintiff must contend that the defendant committed a wrongful act within the statute of limitations. See *Shomo*, 579 F.3d at 184. Here, Crenshaw failed to allege that either Gusman or Syed committed wrongful acts within the statutory period. Accordingly, the court

5

adopts the recommendation that Crenshaw's claim be dismissed as barred by the statute of limitations.

## B.     Leave to Amend

Additionally as Judge Lowe did, (*see* R&R at 8-9, Dkt. No. 56), the court denies Crenshaw leave to amend his complaint.  Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2). "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks and citation omitted).  "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Dougherty v. Town of N. Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).  In this case, leave to amend would be futile and unwarranted for two reasons: (1) Crenshaw has already been given the opportunity to amend his complaint twice; and (2) Crenshaw was transferred away from Eastern Correctional Facility, where defendant Gusman treated him, before November 10, 2004 and, therefore, is unable

6

to add timely claims against Gusman.  (*See* R&R at 9, Dkt. No. 56.)

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge George H. Lowe's Report-Recommendation (Dkt. No. 56) is **ADOPTED**; and it is further

**ORDERED** that defendants' motion to dismiss is **GRANTED**, and the complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 21, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge